**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Natalia Lapina,

Plaintiff(s),

v.

Winterwood Seniors II LLC, et al.,

Defendant(s).

Case No. 2:26-cv-02217-APG-NJK

**Order**

The Court has granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 14. The Court herein screens Plaintiff's claims for damages.[1]

## I. Standards

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Litigants cannot file "shotgun pleadings" in which

[1] The Court separately addressed the injunctive relief component of Plaintiff's complaint, which has been dismissed. Docket No. 21.

they raise factual allegations without connecting them to particular defendants and particular causes of action. *See, e.g.*, *Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

## II. Analysis

### A. Claim for Criminal Wire Fraud

The complaint includes a claim brought under the criminal wire fraud statute. *See* Docket No. 18 at 7-8.[2] This statute does not create a private cause of action for wire fraud. *See, e.g.*, *Foley v. Morrone*, 2014 WL 4275530, at *4 n.5 (D. Nev. Aug. 27, 2014) (collecting cases). Accordingly, the complaint fails to state a cause of action for criminal wire fraud.

### B. Claim under the False Claims Act

The complaint includes a claim under the False Claims Act based on ACH transfers regarding rental fees. *See* Docket No. 18 at 7-8. As used in the False Claims Act, a "claim" is limited to a request or demand that is "presented to an officer, employee, or agent of the United States," 31 U.S.C. § 3729(b)(2)(A)(i), or is "made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest," subject to additional qualifiers, 31 U.S.C. § 3729(b)(2)(A)(ii). The complaint does not allege these circumstances. *See* Docket No. 18 at 8. Accordingly, the complaint fails to state a cause of action under the False Claims Act.

### C. Fair Housing Act Claim

The complaint includes a claim for violations of the Fair Housing Act in that unidentified persons allegedly treated Plaintiff differently than non-Russians. Docket No. 18 at 7. The

---

[2] The paragraph numbering in the complaint is not sequential, *see* Docket No. 18, so the Court cites herein to page numbers.

complaint also alleges that unspecified "Defendants" blacked payment portals and engineered a basis on which to evict Plaintiff. *Id.* The complaint is brought against 12 different defendants. *See id.* at 3. The complaint fails to identify which defendants are at issue in this claim, let alone provide factual allegations specific to those particular defendants. Accordingly, the complaint fails to state a cause of action under the Fair Housing Act.

D. ADA Claim

The complaint includes a claim under the Americans With Disabilities Act, which alleges that "Defendants" acted improperly without identifying the particular defendants against whom this claim is brought and without providing factual allegations specific to those particular defendants. *See* Docket No. 18 at 7. Accordingly, for the reasons explained above, the complaint fails to state a cause of action under the Americans With Disabilities Act.

E. Due Process Conspiracy Claim

The complaint includes a claim for a conspiracy to deprive Plaintiff of her due process rights. Docket No. 18 at 7. The complaint does specify that this claim is brought against the Southern Nevada Regional Housing Authority (SNRHA) and three persons affiliated with it. The cause of action is predicated on an alleged conspiracy between the identified SNRHA defendants and unidentified "private corporate operators to suppress mandatory grievance hearings, validate forged compliance entries, and strip [Plaintiff] of her core community food security access." *See id.* Other than use of the word "collude[]," however, there are no specific factual allegations as to the existence of the claimed conspiracy. "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). A conclusory allegation of conspiracy will not suffice. *See id.*; *see also, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Accordingly, the complaint fails to state a cause of action for a civil rights conspiracy.

F. State law claims

Plaintiff's complaint invokes federal question jurisdiction. Docket No. 18 at 2. In such a case, upon dismissing the federal claims, courts generally decline to exercise supplemental

jurisdiction over remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). As all of Plaintiff's federal claims are subject to dismissal, the Court declines to opine on the sufficient of Plaintiff's state law claims.

G. Leave to amend

The Court will provide Plaintiff with leave to amend if she believes the deficiencies identified herein can be cured.[3]

## III. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend. An amended complaint must be filed by November 30, 2026. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: October 28, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] Plaintiff's claims may be subject to other potential obstacles to proceeding. Based on the pleading deficiencies identified, however, the Court leaves those issues for another day.